## BEALLS *against* GUERNSEY.

Where a sheriff justifies under a *fieri facias*, it is not necessary that he should show that it is returned, nor will the want of an endorsement on the execution, of the time it was received, by the sheriff, render it inadmissible in evidence; for the statute is merely directory to the sheriff, on this point; and the time of receiving it may be shown by *parol proof*, or otherwise.

THIS was an action of *trespass*, against the defendant, late sheriff of *Ontario*, for taking, carrying away and disposing of 73 barrels of whiskey, &c.

The defendant pleaded the general issue, with notice of a justification.

The cause was tried before the *Chief Justice*, at the *Ontario* circuit, the 26th *June*, 1801. The plaintiff stated that he purchased the whiskey of *Moses Johnson*, on the 26th *August*, 1807; and the same was deposited in the cellar of *Ezekiel Taylor*.

The defendant then produced in evidence the record of the judgment, in this court, by confession, against *Moses Johnson*, in favour of *William W. Rodman;* and then offered in evidence an *alias testatum fieri facias* issued on the judgment against *Johnson*, dated the 15th *August*, 1807, and returnable the second *Monday* of *November*, 1807; but the plaintiff's counsel objected to this evidence, because the *test. fi. fa.* had not been returned and filed in the clerk's office, nor was there any endorsement thereon of the day it was received by the defendant or his deputy, nor was there any return endorsed upon it, or any thing by which it could appear that the property of *Johnson* had been taken and sold by virtue of the execution. The judge rejected the evidence of the *test. fi. fa.* The defendant then offered to prove that the *test. fi. fa.* was in his hands, as sheriff of the county of *Ontario*, between the *teste* and return day thereof; and that by virtue thereof, he, as sheriff, took the whiskey in question, as the property of *Moses Johnson;* but this evidence was rejected; and the jury, under the direction of the judge, found a verdict for the plaintiff for 1,690 dollars and 91 cents.

A motion was made to set aside the verdict and for a new trial, for the misdirection of the judge.

*Rodman*, for the defendant, said, that the only question was, whether the *alias test. fi. fa.* ought not to have been received in evidence. He contended that it was not necessary to show that the execution had been returned. In *Rowland* v. *Veale*,* the distinction was laid down between *mesne* process, and process of execution; and that it was not necessary to show a return of the latter.

Though by the 7th section of the statute, (24 sess. c. 105.) the sheriff and his under officers are required to endorse on all writs of execution the day when they are received; yet it was immaterial, in the present case, and not a sufficient reason for rejecting the evidence. The reason of the requisition, is to ascertain which of several executions has a preference, or first binds the property.

*Sedgwick*, contra. The reason for showing a return of final process seems equally strong as that for showing the return of *mesne* process. In *Freeman* v. *Blewitt*,† *Holt*, Ch. J. lays it down, as a general and settled rule, that where a principal officer justifies under a returnable writ, he must show that it was returned; and that a sheriff cannot justify under a *fieri facias* without showing a return. The same rule was laid down by the Ch. J. in *Middleton* v. *Price*.‡

2. The direction of the statute is positive that the time of receiving the execution shall be endorsed by the sheriff; and the reason has been stated, that it might appear which of several executions had the preference. It was the duty of the sheriff to make this endorsement; and he cannot justify himself when he has omitted to perform his duty; nor can he take advantage of his own wrong. It did not appear but that this execution had been just issued from the clerk's office. To show that he

* *Cowp* 18. 10 *East*, 82. 6 *Co.* 90.

† 1 *Salk.* 409. 1 *Ld. Raym.* 532. S. C.

‡ *Wilson*, 17. 2 *Roll. Abr.* 560. s. 18. 8. 9 10. *Brooke*, *Tresp.* 211. *Moore*, 56

NEW-YORK, May, 1811.

PHELPS v JOHNSON.

had acted upon it, there should have been an endorsement by the sheriff.

*Per Curiam.* The later authorities, (*Cowp.* 18. 10 *East*, 73.) do not require the sheriff to show a *fi. fa.* returned, when he justifies under it; because an execution is good and effectual without ever being returned. It was formerly understood otherwise, according to the opinion of *Kingsmill*, J. in 21 *Hen.* VII. 22. b. and of Lord *Holt* and the rest of the judges of the K. B. in *Freeman* v. *Blewitt*, 1 *Salk.* 409. But the recent decisions are founded on better reason and ought to govern. Nor did the want of an endorsement upon the execution, of the time of receiving it, render it inadmissible in evidence. The statute requiring the sheriff to endorse the time, was merely directory to the officer, for the sake of greater certainty; and the omission to do it will not preclude the sheriff from showing the time by parol proof. It may turn every presumption, arising from doubt as to the precise time, against him; but it will not absolutely shut out other proof.

The verdict must be set aside, and a new trial awarded, with costs to abide the event.

New trial granted.