Nov. Term,
1839.

MAY *v.* SLY.

May
v.
Sly.     When a constable justifies an arrest, &c. under a *capias ad satisfaciendum*,
        which under the statute he is bound to return, the plea must aver a return
        of the execution, or show a sufficient reason why a return had not been
        made.

*Friday,*        ERROR to the *Montgomery* Circuit Court.
*November 22.*

SULLIVAN, J.—This was an action of trespass for an assault
and battery and false imprisonment. The defendant pleaded
in justification, that on, &c., he was a constable of the town-
ship of *Madison*, in the county of *Montgomery;* that a writ
of *capias ad satisfaciendum* was issued by a justice of the
peace of said county and delivered to him, whereby, after
reciting that one *Thomas M. Curry* had obtained a judgment
against the plaintiff, *May*, for the sum of 26 dollars and
12 cents before said justice, besides interest and costs, the
defendant was commanded to take the body of *May* to
satisfy said *Curry* the judgment aforesaid, and to commit
*May* to jail there to remain, &c.; and that he did, according
to the command of said writ, on, &c., at, &c., arrest said
*May* as he lawfully might, &c. Demurrer to the plea and
judgment for the defendant.

The sufficiency of this plea depends upon the construction
to be given to the 18th section of the act "authorizing the
appointment of constables and defining their duties." Rev.
Stat. 1838. Without reference to that statute, it seems that
an officer justifying under mesne process must show in his
plea, that the process has been returned, but if he justify
under *final* process, he need not, in general, aver the return
of it. The reason is, that the former is said to be return-
able process, the latter not; and if an officer justify under
process which it is his duty to return, he never has a com-
plete justification until he discharges that duty. 1 Cowp.
19.—10 East, 82.—5 B. & C. 485.—8 Johns. 52.—2 Str.
1184.—5 Co. 90.—2 Blackf. 127. The statute above re-
ferred to makes all process, that comes into the hands of
a constable, returnable. It abolishes the distinction, in that
particular, between mesne and final process. The reason,
therefore, of the rule which requires an officer, who seeks

to justify his acts under *mesne* process, to show in his plea the return of the writ, applies to process of execution issued under our statute (1).

We are of opinion that the plea in this case is defective in not averring a return of the *capias ad satisfaciendum*, or showing a sufficient reason why a return has not been made.

There are other exceptions taken to the plea, but we do not think either of them tenable.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. C. Gregory* and *D. Brier*, for the plaintiff.

*H. S. Lane* and *S. C. Willson*, for the defendant.

(1) Vide *Davis* v. *Bush*, Vol. 4 of these Rep. 330.